Daniels, J.
The plaintiff was and still is the owner of a leasehold estate in lands situate on the northwesterly cor - ner of Church and Sector streets in the city óf New York. His lease was taken for the term of fifteen years with the privilege of an extension for an additional term of ten years upon a rental then to be agreed upon, or in case of disagreement, the valuation basis of it to be fixed by disinter ■ ested appraisers.
Extending along the Church street front of the lot upon which he had built and erected a brick building, under a preceding lease, the elevated railway, together with a stairs leading to its station, were constructed by one of the defendants, and upon Sector street front of the southerly side of the lot, and the building upon it, an equally elevated bridge had been erected, extending to the station of the Ninth Avenue Elevated Sail way Co. on Greenwich street. These erections were proven upon the trial to have obstructed access to the building, and caused the exclusion therefrom, to a great extent, of the air and the light. And for this obstruction and exclusion damages were claimed and recovered in the action.
It has been urged in support of the appeal that while the *14 plaintiff may have been entitled to recover damages for the injury to his leasehold estate, by the erection of the i ail-way stairway and the station upon Church street, that he was not entitled to damages because of the erection mam tained in Rector street. It did not distinctly appear in what manner Rector street had been laid out. or by what authority it had been maintained But it was designated in the lease under which the plaintiff acquired his present estate, and those preceding it. the first of which was executed in 1838, as a street, and it was mentioned by the plaintiff himself as an existing street at the time he became interested as assignee of the first lease, which was in or about the year 1853.
Throughout the trial and in the statement of the case to the jury the same reference was made to this street by the witnesses, and also by the court, and evidence was given of “a grant, by Trinity church, to the city of New York, of certain streets, including Rector street and Church street,” by a deed dated April 9, 1T61, and of a resolution of the common council accepting such deed. The grantor in the deed was the owner of this property. But it did not appear when or how the street had in fact been opened, or that any formal proceeding had been instituted or maintained for that purpose. It has been objected, in support of the appeal that this deed included only so much of Rector street as was east of Church street. But the record does not establish this objection. For so far as the evidence was given it included Rector street generally without qualification, and from this evidence it might very well be inferred that this street became one of the streets of the city upon the acceptance of the grant by the common council. But if that inference should not be made there was still such evidence in the case given by the witnesses in their allusions and references to Rector street west of Church street and in the leases which were read in evidence preceding and including the leases to the plaintiff, as to clearly indicate the existence of a legal street from Church street westerly in front of the plaintiff’s property. And that was all that could be required to entitle the plaintiff to the recovery of damages for the obstruction of the street.
It was not important to this right that his lease should, or should not, extend the property leased to the centre of the street. But all that could be required was, that the street existed in front of his property and that he was entitled to-have it maintained open and unobstructed to afford the means of access to his building and the enjoyment of the light and air which the unobstructed street would have supplied. This right seems to follow from what was held in Story v. N. Y. Elevated Railway Co. (90 N. Y, 122), *15 and the unreported case in the court of appeals of Lake v. Metropolitan Elevated Railway Co., and it has certainly been sanctioned in Ireland v. Metropolitan Railway Co. (52 N. Y. Supr. Ct. Rep., 450, 455.
The Metropolitan Railway Company had the right to use this space only as a street. If it was not a street it had no authority to place any structure or obstruction therein. But it proceeded to use the space evidently on the theory that it was one of the existing streets of the city, within the grant of authority made to it for the erection and maintenance of its railway and other structures. And as it is to be inferred in the case that it was a street and the plaintiff had the right to its use and enjoyment as such, he could not be deprived of that use in this manner without liability on the part of the company to compensate him for the damages thereby sustained. It was not important, therefore, to consider whether he had or had not an interest in the fee of the street, and there was no prejudicial error in the charge or in the court declining to instruct the jury, that his leasehold interest was bounded by the northerly line, instead of the centre of the street.
In either view his right to its enjoyment, free from obstruction would be the same, and his claim, also, for the damages sustained in consequences of the obstruction placed therein by which he was deprived of the substantial advantages of the street. As to this subject there was no error in the charge prejudicial to the defendants and the evidence was properly received, showing the diminution in the value of the property by reason of the erections made by the Metropolitan Railway Company in Church street, and also in Rector street.
Reliance has also been placed in support of the appeal upon the refusal of the court to charge that: “Any verdict for the plaintiff must be based upon proof of permanent damage to plaintiffs leasehold interest if any such have been proved to have occurred and must not include any specific amount for rents lost.”
The charge of the court as it had previously been given, clearly and fully submitted the case to the jury, with the restriction upon the plaintiff’s right to damages mentioned in this request, and they were directed to compensate him only, “for the damage which he has sustained by reason of these stairs, and this structure being so close to his building and obstructing his light.”
With this direction given to the jury and what had before been said on the same subject, there was no room for misunderstanding on their part as to the extent of the plaintiff’s right.
■The court had previously stated to the jury that, “It is to *16 pay for the permanent interference with the easement, and whatever this interference may be for the future, you are to determine now for the purpose of determining as to what would be a reasonable compensation for the interference with the property, under the evidence as it is developed before you.”
Evidence has been produced before you as to what rent those premises rented for as to what the lease was, as, “To what has been the course of rent since that time. All these are elements which the jury should take into consideration in determining this question of damage.”
There was no intimation given to the jury at any time that they might include in addition to the depreciation in the value of the property by the structures erected by the Metropolitan Company and maintained and used by the Manhattan Railway Company, that the loss of rents could be included in the verdict of the jury. And there was no necessity therefore for bringing this additional element into the case, which does not appear to have been suggested until the time when this request was presented after the close of the charge. The jury were fully and amply instructed as to their duty concerning this part of the case, and that under the rule declared in Caldwell v. New Jersey Steamboat Co. 47 (N. Y., 282), seems to have been sufficient for all purposes of justice between these contestants.
Evidence was objected to, tending to establish the fact that the streets and the air were damp in consequence of the existence of these structures in them, and that, although excepted to by the defendants, seems to be free from legal grounds of complaint. For if the fact existed, it was one of the results of the structure producing injury to the occupants of the plaintiff’s property. There could have been no useful purpose promoted by taking the testimony of witnesses upon the question of the circumstances attending injuries to other property on the line of the railway. The case depended upon the plaintiff suffering from these structures, and whether any other parties situated at other points had similar grounds of complaint, or how they were to be affected, or what circumstances should be considered in relation to them, formed no part of the issue in this case.
Evidence was also received indicating that the rental value of the property had decreased by reason of these structures. This was a circumstance having a tendency to establish the fact that the plaintiff had sustained damages through the maintenance of these structures. It was a circumstance pertinent to the controversy in the case, and having a bearing upon the question whether his property had been depreciated or not.
*17 . Other points were taken upon the trial which have not been presented as grounds for a reversal of the judgment and the order. The more prominent of them relates to the charge of the court that the defendants were not entitled to any consideration in the estimate of damages for the appreciation of the property by its rise in value. No reasonable fault can be found with this decision as long as the jury were required, as they clearly were, to limit the recovery of the plaintiff in the action to such damages as he had and would sustain while his leasehold interest should continue to his property by means of these structures. Every advantage to which they seem to have been entitled was secured to the defendants on the trial of the action.
The verdict under the proof does not seem to have been excessive, and the judgment and order should be affirmed. Brady, J., concurs._